# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **Michael Barack, individually and on behalf of similarly situated classes,** | § § § § | |
| *Plaintiff*, | § § | Civil Action: 4:24-cv-947 |
| | § § | |
| v. | § § | |
| **Alleviate Tax, LLC,** | § § | |
| *Defendant*. | § | |

## COMPLAINT - CLASS ACTION

### 1. Introduction

1.1. As the Supreme Court explains, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. . . . As relevant here, the Telephone Consumer Protection Act of 1991 generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1.2. This action arises out of Defendant, Alleviate, Tax, LLC's ("Defendant"), practice of making prerecorded telemarketing solicitation calls to individuals without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and provisions of the Texas Business & Commerce Code.

1.3. Plaintiff has not provided Defendant prior express written consent to call his cellular telephone with prerecorded messages.

1.4. Accordingly, Plaintiff brings this TCPA action on behalf of himself and four classes of similarly situated individuals.

## 2. Jurisdiction and Venue

2.1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

2.2. This Court also has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(a), because it is so closely related to the federal claims that they form a single case or controversy.

2.3. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District and has committed tortious acts in this District.

2.4. Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## 3. Parties

3.1. Michael Barack ("Plaintiff") is, and at all times mentioned herein was, a citizen and resident of Grapevine, Texas.

3.2. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

3.3. Plaintiff is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

3.4. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

3.5. Defendant is, and at all times mentioned herein was, a "person" as defined by Tex. Bus.

& Com. Code § 1.201(b)(27).

3.6. Defendant is a California limited liability company.

3.7. Defendant offers tax and debt relief services.

## 4.  The Law Regarding Robocalls

4.1. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.   In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

4.2. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

4.3. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

4.4. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a nuisance and invasion of privacy and such calls can be costly and inconvenient.

4.5. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines.  Specifically, it ordered that:

[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012).

**5.  The National Do Not Call Registry**

5.1. The national Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

5.2. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential and wireless telephone subscribers to the Registry.  47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

**6.  Texas' Anti Solicitation and Robo-Calling Statutes**

6.1. Section 302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

6.2. Sellers engaging in telephone solicitations are required to register, and among other things, list "each telephone number to be used by the seller and the address where each

telephone using the number is located." §302.151(10).

6.3. Section 302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, section 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorneys' fees.

6.4. Pursuant to section 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

## 7. General Factual Allegations

7.1. Defendant is a nation-wide seller of its tax and debt relief services.

7.2. To increase its sales and as part of a general cold-calling marketing scheme, Defendant makes prerecorded telemarketing calls marketing its services.

7.3. These calls were made with an artificial or prerecorded voice and violate the TCPA.

7.4. Defendant also makes solicitation calls to individuals on the national Do Not Call Registry.

7.5. These calls also violate the TCPA.

7.6. Defendant failed to register pursuant to § 302.101 of the Texas Business & Commercial Code to provide telephone solicitations. The Texas Registration Database does not contain Defendant's registration.

7.7. Defendant does not qualify for an exemption under § 302.052 through § 302.061 of the Texas Business & Commercial Code or any section of chapter 302 of the Texas Business

& Commercial Code.

**8. Plaintiff's Factual Allegations**

8.1. Plaintiff is the owner and user of a cellular telephone number 817-XXX-4850.[1]

8.2. Plaintiff's cellular telephone number 817-XXX-4850 is used for residential purposes. Plaintiff does not own a "landline." He uses his cellular telephone number to contact friends and family, to text and utilize the internet and to respond to personal email.

8.3. Plaintiff's cellular telephone number 817-XXX-4850 is a telephone number assigned to a cellular telephone service.

8.4. Plaintiff's cellular telephone number 817-XXX-4850 was placed, by him, on the national Do Not Call Registry on December 4, 2009, and has remained on the Registry since that time.

8.5. Plaintiff placed his cellular telephone number 817-XXX-4850 on the national Do Not Call Registry at least 31 days prior to receiving the calls at issue in this case.

8.6. Plaintiff received Defendant's telephone calls on his cellular residential number 817-XXX-4850 as described herein.

8.6.1.    June 19, 2024, at approximately 11:06 AM, from telephone number 817-398-5961. This call was from a live agent who failed to identify himself. Plaintiff asked the live agent how and why he [Plaintiff] was called. The live agent stated that he had no idea but would transfer Plaintiff to a "tax specialist." Plaintiff was transferred to Andrew Bielefeld who identified himself as being with Alleviate Tax. Bielefeld specifically stated, "Alleviate Tax, that's a specific name of our

---

[1] Plaintiff's telephone number has been partial redacted for privacy purposes but will be provided to Defendant upon request.

company." Additionally, Plaintiff asked Bielefeld "Alleviate Tax, is that the company name" to which Bielefeld responded "Yes." Bielefeld stated that there was no record of Plaintiff's name in their computer system or database. That day Bielefeld sent Plaintiff an email with a signature that included an email address of andrew@alleviatetax.com.

8.6.2.    June 21, 2024, at approximately 10:53 AM, from telephone number 817-402-8278. This was a missed call. At 11:06 AM Plaintiff called the number from which the missed call was received [817-402-8278]. A recording answered the call, questioned Plaintiff and then transferred Plaintiff to a live agent. The live agent stated, "This is Brian with Alleviate Tax."  Plaintiff then asked, "are you with Alleviate Tax" to which Brian responded, "That's correct." Plaintiff began questioning Brian and the call was disconnected by Brian.

8.6.3.    August 15, 2024, at approximately 11:07 AM, from telephone number 817-489-9336. Plaintiff answered this call and was greeted by prerecorded message. The prerecorded message was the same message that was played when Plaintiff called telephone number 817-402-8278 in response to the missed call on June 21, 2024. Plaintiff was aware that it was a prerecorded voice because Plaintiff interacted with the prerecorded voice and could tell by the robotic voice and the mis-jointed responses that it was not a live person with whom he was interacting but instead was a computer generating the scripts to be played to Plaintiff. Plaintiff pressed a button to be connected with a live agent, but he was not connected with anyone.

8.6.4.    August 20, 2024, at approximately 2:21 PM, from telephone number 817-422-5644. Plaintiff answered this call and was greeted by prerecorded message. The

prerecorded message was the same message that was played when Plaintiff called telephone number 817-402-8278 in response to the missed call on June 21, 2024. Plaintiff was aware that it was a prerecorded voice because Plaintiff interacted with the prerecorded voice and could tell by the robotic voice and the mis-jointed responses that it was not a live person with whom he was interacting but instead was a computer generating the scripts to be played to Plaintiff. Plaintiff pressed a button to be connected with a live agent, but he was not connected with anyone.

8.6.5.    September 3, 2024, at approximately 5:24 PM, from telephone number 817-402-1145. Plaintiff answered this call and was greeted by prerecorded message. The prerecorded message was the same message that was played when Plaintiff called telephone number 817-402-8278 in response to the missed call on June 21, 2024. Plaintiff was aware that it was a prerecorded voice because Plaintiff interacted with the prerecorded voice and could tell by the robotic voice and the mis-jointed responses that it was not a live person with whom he was interacting but instead was a computer generating the scripts to be played to Plaintiff. Plaintiff pressed a button to be connected with a live agent, but he was not connected with anyone.

8.6.6.    September 10, 2024, at approximately 10:27 AM, from telephone number 817-402-8278. Plaintiff answered this call and was greeted by prerecorded message. The prerecorded message was the same message that was played when Plaintiff called telephone number 817-402-8278 in response to the missed call on June 21, 2024. Plaintiff was aware that it was a prerecorded voice because Plaintiff interacted with the prerecorded voice and could tell by the robotic voice and the mis-jointed responses that it was not a live person with whom he was interacting but instead

was a computer generating the scripts to be played to Plaintiff. Plaintiff pressed a button to be connected with a live agent, but he was not connected with anyone.

8.6.7.      September 16, 2024, at approximately 14:41 PM, from telephone number 817-422-5644. This was a missed call. Plaintiff called the number from which the missed call was received [817-422-5644]. A recording answered the call and requested that Plaintiff pressed various buttons to be transferred. Plaintiff pressed a button to be connected with a live agent, but he was not connected with anyone. The prerecorded message was the same message that was played when Plaintiff called telephone number 817-402-8278 in response to the missed call on June 21, 2024.

8.7. On each of the calls, either through the recording or through the live agents, tax relief services were promoted and questions were asked about how much tax debt the Plaintiff had.

8.8. The recording Plaintiff heard and that was played on the calls was made with prerecorded soundboard technology. Plaintiff interacted with the soundboard technology and could tell by the robotic voice and the mis-jointed responses that it was not a live person with whom he was interacting but instead was a computer generating the scripts to be played to Plaintiff.

8.9. Plaintiff knew these messages to be prerecorded messages because they were not personalized, they included pauses at the start of the message before it played, and messages Plaintiff received were identical.

8.10.      Plaintiff did not provide prior express written consent (or any consent) to Defendant for these or any telephone calls.

8.11.    Each of the above the calls that was received by Plaintiff was received while he was in Texas.

9.    **Defendant's Liability – Direct Liability**

9.1. Because Defendant's calls were made with an artificial or prerecorded voice and constitute telemarketing, Defendant was required to obtain prior express written consent from the persons to whom Defendant made calls.

9.2. "Prior express written consent" is specifically defined by statute as:

9.2.1.    [A]n agreement, in writing, bearing the signature of the person called **that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice,** and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. §64.1200(f)(8)

9.3. Plaintiff never provided Defendant with any consent, written or otherwise, to place any calls to his cellular telephone number.

9.4. Accordingly, each of Defendant's telemarketing calls to Plaintiff using an artificial or prerecorded voice violated 47 U.S.C. § 227(b) and (c).

9.5. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a minimum of $500 per call.

9.6. For violations of 47 U.S.C. § 227(c), Plaintiff is entitled to a minimum of $500 per call.

9.7. Plaintiff is entitled to $1,500 per call if Defendant's actions are found to be knowing or willful.

9.8. The TCPA prohibits making "any telephone solicitation" to a telephone number on the National Do-Not-Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c); 47 C.F.R. § 64.1200(e).

9.9. The National Do Not Call Registry allows consumers to register their telephone numbers

and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

9.10.    A listing on the National Do Not Call Registry "must be honored indefinitely . . . ." *Id.*

9.11.    Plaintiff's number was on the National Do-Not-Call Registry for more than 31 days prior to the calls.

9.12.    Plaintiff received more than one such telemarketing call in a 12-month period, as required by 47 C.F.R. § 64.1200(c) for violations of 47 U.S.C. § 227(c).

9.13.    In addition, pursuant to § 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

9.14.    As set forth above, Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision.

9.15.    Accordingly, Plaintiff is entitled to a permanent injunction, and the greater of $500.00 for each violation or Plaintiff's actual damages for each call made by Defendant. *See* Tex. Bus. & Com. Code § 305.053(b).

9.16.    Plaintiff is entitled to an additional $1,500 per call if Defendant's actions are found to be knowing or intentional. *See* Tex. Bus. & Com. Code § 305.053(c).

9.17.    Defendant is liable for $5,000 for each violation of section 302.302(a) of the Texas Business & Commerce Code. Defendant is also liable for reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorneys' fees.

**10. Defendant's Liability – Vicarious Liability**

10.1.     A seller "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *Cunningham v. Daybreak Solar Power, LLC*, No. 4:22-CV-00599-O, 2023 WL 3985245, at *3 (N.D. Tex. June 13, 2023).

10.2.     To prove the existence of an agency relationship, the principal must have "both the right: (1) to assign the agent's task; and (2) to control the means and details of the process by which the agent will accomplish that task." Alternately, apparent authority holds a principal accountable for the results of third-party beliefs about an actor's authority to act as an agent when the belief is traceable to a manifestation of the principal. Finally, a principal may be liable on the theory of ratification if it retains the benefits of a transaction after acquiring full knowledge of the underlying circumstances. *Callier v. SunPath Ltd.*, No. EP-20-CV-00106-FM, 2020 WL 10285659, at *3 (W.D. Tex. Aug. 10, 2020).

10.3.     Plaintiff alleges that in the alternative, if Defendant did not make the calls in question, Defendant is still liable for the calls under the vicarious liability.

10.3.1.     Defendant gave its agent who made the calls instructions on what qualifications an individual must meet before that individual should be transferred to Defendant.

10.3.2.     Defendant and its agent who made the calls shared a common database as evidence by Mr. Beilefeld's ability to search Defendant's database for Plaintiff's information.

10.3.3.    Defendant authorized its agent who made the calls to transfer individuals directly to Defendant just as if Defendant was making the call.

10.3.4.    Defendant has been sued under the TCPA before and is aware that its agent who made the calls was violating the TCPA, yet Defendant knowingly accepted the benefits of the illegal calls thus ratifying the illegal calls.

10.3.5.    The live agents to which Plaintiff was transferred confirmed they were with Alleviate Tax.

10.3.6.    Before Plaintiff was transferred, the recording stated "I am an assistant to one of our senior settlement officers. I will be having them join us now." Plaintiff was then transferred to a live agent who represented that he was with Alleviate Tax. That statement directly connects Alleviate Tax to the recording and also supports apparent authority.

## 11. Article III Standing

11.1.    Plaintiff has Article III standing for her claim under the TCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). *See also*, *Cranor v. 5 Star Nutrition, L.L.C.,* 998 F.3d 686, 690 (5th Cir. 2021); *Jamison v. Esurance Ins. Servs., Inc.,* No. 3:15-CV-2484-B, 2016 WL 320646, at *3 (N.D. Tex. Jan. 27, 2016).

11.2.    Plaintiff was harmed by Defendant's actions of calling his residential phone while the telephone number was on the Do Not Call Registry, without consent and with a pre-recorded voice in the following manners:

11.2.1.    Plaintiff's privacy was invaded by Defendant;

11.2.2.    Defendant's calls were a nuisance to Plaintiff;

11.2.3.    Plaintiff's phone was unavailable for other use while processing the illegal calls from Defendant;

11.2.4.    Defendant illegally seized Plaintiff's telephone line while it made illegal the illegal calls to Plaintiff's cellular telephone;

11.2.5.    Plaintiff's telephone line was occupied by the unauthorized calls from Defendant;

11.2.6.    Defendant's seizure of Plaintiff's telephone line was intrusive; and

11.2.7.    Plaintiff was inconvenienced by Defendant's calls, by among other things, having to listen to the prerecorded messages.

11.3.    These forms of actual injury are sufficient for Article III standing purposes.

## 12. Class Action Allegations

12.1.    Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of four proposed "Classes," the "TCPA 227(b) Class", the "TCPA 227(c) Class", the "Texas § 305.053 Class", and the "Texas Registration Class."   Pending discovery, the classes are defined as follows:

12.1.1.    "TCPA 227(b) Class"

12.1.1.1. Since October 4, 2020, through the date of certification, Plaintiff and all persons within the United States to whose cellular telephone number Defendant placed a prerecorded or artificial voice telemarketing call.

12.1.2.    "TCPA 227(c) Class"

12.1.2.1. Since October 4, 2020, through the date of certification, all persons within the United States to whose telephone number Defendant placed two or more telemarketing solicitation calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry at the time of the calls.

12.1.3.    "Texas § 305.053 Class"

12.1.3.1. Since October 4, 2020, through the date of certification, Plaintiff and all residents of the State of Texas to whose telephone number Defendant placed a call in violation of 47 U.S.C. § 227 or regulation promulgated thereunder.

12.1.4.    "Texas Registration Class"

12.1.4.1. Since October 4, 2020, through the date of certification, Plaintiff and all residents of the State of Texas to whose telephone number Defendant placed (or had placed on its behalf) a telephone solicitation when Defendant did not hold a registration certificate as required by Tex. Bus. & Com. Code § 302.101.

12.2.    The "TCPA 227(b) Class", the "TCPA 227(c) Class, the "Texas § 305.053 Class" and the "Texas Registration Class" are collectively referred to herein as the "Classes."

12.3.    Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their respective staffs and immediate families.

12.4.    The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

12.5.    The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

12.5.1.    The time period(s) during which Defendant placed its calls;

12.5.2.    The telephone numbers to which Defendant placed its calls;

12.5.3.    The telephone numbers for which Defendant had prior express written consent;

12.5.4.    The purposes of such calls; and

12.5.5.    The names and addresses of Class members.

12.6.    The Classes are comprised of hundreds, if not thousands, of individuals.

12.7.    There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

12.7.1.    Whether Defendant (or someone acting on its behalf) used an artificial or prerecorded voice in placing its calls;

12.7.2.    Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

12.7.3.    Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

12.7.4.    Whether Defendant should be enjoined from engaging in such conduct in the future.

12.8.    Plaintiff is a member of the Classes in that Defendant placed two or more calls using an artificial or prerecorded voice to Plaintiff's residential cell phone while that number was registered on the nation do not call registry.

12.9.    Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

12.10.    Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

12.11.    Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

12.12.    Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

12.13.    Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

12.14.    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

12.15.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

12.16.    Common questions will predominate, and there will be no unusual manageability issues.

## 13. FIRST CAUSE OF ACTION -Violations of the TCPA, 47 U.S.C. § 227(b) (On Behalf of Plaintiff and the TCPA 227(b) Class)

13.1.    Plaintiff and the proposed TCPA 227(b) Class incorporate the foregoing allegations as if fully set forth herein.

13.2.    Defendant placed prerecorded telemarketing solicitation telephone calls to Plaintiff's and TCPA 227(b) Class Members' cellular telephone numbers without prior express written consent.

13.3.    Defendant has therefore violated 47 U.S.C. § 227(b).

13.4.    As a result of Defendant's unlawful conduct, Plaintiff and TCPA 227(b) Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

13.5.    Plaintiff and the TCPA 227(b) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

**14. SECOND CAUSE OF ACTION - Violations of the TCPA, 47 U.S.C. § 227(c) (On Behalf of Plaintiff and the TCPA 227(c) Class)**

14.1.    Plaintiff and the proposed TCPA 227(c) Class incorporate the foregoing allegations as if fully set forth herein.

14.2.    Defendant placed telemarketing solicitation telephone calls to Plaintiff's and TCPA 227(c) Class Members' residential telephone numbers.

14.3.    Plaintiff's and TCPA 227(c) Class Members' telephone numbers were all on the National Do-Not-Call Registry for at least 30 days at the time of calls.

14.4.    Plaintiff and TCPA 227(c) Class Members each received two or more such calls in a 12-month period.

14.5.    Plaintiff and TCPA 227(c) Class Members are entitled to an award of $500 in statutory damages for each call pursuant to 47 U.S.C. § 227(c)(5).

14.6.    Plaintiff and TCPA 227(c) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

**15. THIRD CAUSE OF ACTION – Violations of Texas § 305.053 Class (On Behalf of Plaintiffs and the Texas § 305.053 Class)**

15.1.    Plaintiff and the proposed Texas § 305.053 Class incorporate the foregoing allegations as if fully set forth herein.

15.2.    Defendant placed at least one prerecorded telemarketing telephone call to Plaintiff's and Texas § 305.053 Class Members' cellular telephone numbers.

15.3.    Each of these calls violated 47 U.S.C. § 227(b).

15.4.    Defendant also violated the TCPA by making solicitation calls to individuals on the national Do Not Call Registry.

15.5.    Plaintiff and the Texas § 305.053 Class Members are entitled to:

15.5.1.    a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305;

15.5.2.    the greater of $500 for each violation or Plaintiff's and the Texas § 305.053 Class Members' actual damages (*see* Tex. Bus. & Com. Code §304.053(b);

15.5.3.    the greater of $1,500 for each violation or Plaintiff's and the Texas § 305.053 Class Members' actual damages for each call made knowingly or intentionally (*see* Tex. Bus. & Com. Code §304.053(c).

## 16. FOURTH CAUSE OF ACTION - Violations of Texas Business and Commerce Code, § 302.101 (On Behalf of Plaintiffs and the Texas § 302.101 Class)

16.1.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

16.2.    Plaintiff is a "consumer" as defined by § 301.001(2) of the Texas Business & Commerce Code.

16.3.    Defendant is a "telephone solicitor" as defined by § 301.001(5)) of the Texas Business & Commerce Code. Defendant attempted to sell its tax and debt relief services.

16.4.    No exemptions to the registration requirements apply.

16.5.    §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

16.6.     Sellers engaging in telephone solicitations are required to register, among other things, list "each telephone number to be used by the seller and the address where each telephone using the number is located." §302.151(10).

16.7.     Defendant has failed to register pursuant to § 302.101 of the Texas Business & Commercial Code to provide telephone solicitations.

16.8.     Defendant placed telephone solicitations to Plaintiff's and the Texas § 302.101 Class Members' telephone numbers while Defendant did not hold a registration certificate.

16.9.     Defendant's telephone solicitations were made from a location in Texas or to Plaintiff and the Texas § 302.101 Class Members located in Texas.

17. Plaintiff and the Texas § 302.101 Class Members are entitled to an award of up to $5,000 for each violation and all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

**18. Prayer for Relief**

18.1.     **WHEREFORE**, Plaintiff, individually and on behalf of the Classes, pray for the following relief:

18.1.1.     An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes and appointing their counsel as Class Counsel;

18.1.2.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

18.1.3.     An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

18.1.4.    An award of statutory damages;

18.1.5.    An award of treble damages;

18.1.6.    An award of reasonable attorneys' fees and costs; and

18.1.7.    Such other and further relief that the Court deems reasonable and just.

**19. Jury Demand**

19.1.    Plaintiff requests a trial by jury of all claims that can be so tried.


Respectfully submitted,

By:    ___*/s/ Chris R. Miltenberger*___
        Chris R. Miltenberger
        Texas Bar Number: 14171200

**The Law Office of Chris R.
Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Max S. Morgan, Esq.
(PA Bar Number: 316096)
**The Weitz Firm, LLC**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
267-587-6240 (office)
215-689-0875 (fax)
max.morgan@theweitzfirm.com

***Attorneys for Plaintiff***